IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| Tavares J. HIGGINS,<br>Seaman Electronics Technician (E-3),<br>U.S. Coast Guard,<br><br>         Petitioner,<br><br><br><br>    v.<br><br><br><br>RADM D.G. GABEL,<br>Commander, Maintenance and Logistics<br>Command Atlantic,<br>U.S. Coast Guard,<br>         Respondent | 21 February 2003<br><br>PETITION FOR EXTRAORDINARY<br>RELIEF IN THE NATURE OF A<br>WRIT OF PROHIBITION OR MANDAMUS;<br>APPLICATION FOR AN EMERGENCY<br>STAY OF EXECUTION OF PUNISHMENT;<br>REQUESTS FOR APPOINTMENT OF<br>APPELLATE DEFENSE COUNSEL FILED<br>WITH THIS COURT ON 20 FEBRUARY<br>2003<br><br>MISC. DOCKET No. 001-03<br><br>ORDER – PANEL THREE |

As recounted in the petition, Petitioner was tried by a general court-martial composed of members. He was found guilty of violating Article 128 of the Uniform Code of Military Justice, (UCMJ). He was sentenced by members to reduction to E-2, restriction to Training Center Cape May for 60 days, and hard labor without confinement for 60 days. The convening authority's action, dated 13 January 2003, approved and ordered executed so much of the sentence as provides for reduction to pay grade E-2, restriction to Training Center Cape May for 58 days, and hard labor without confinement for 58 days. On 13 January 2003, the convening authority issued a "Letter of Restriction" to Petitioner. The "Letter of Restriction" states that Petitioner's restriction will begin on 13 January 2003 and will last for 58 days, to end on 11 March 2003; that Petitioner be restricted to Coast Guard Training Center Cape May; that each day of restriction the Petitioner will muster four times a day in the proper uniform of the day; and while restricted Petitioner is not to enter or take advantage of or use the following: gymnasium, auditorium and any recreational facilities located on the Training Center, unless for official business. In addition to these written terms of restriction, Petitioner was verbally advised at various times that he was not allowed to have visitors, could have visitors for two hours in the evening and, most recently, that he could have visitors for one hour in the evening.

CDR Jeffrey C. Good, USCG, submitted the petition for LT Robert Attanasio, JAGC, USNR, Detailed Defense Counsel. The petition for extraordinary relief is styled as a request for relief "in the nature of a writ of prohibition or mandamus." The Petitioner seeks "remedial relief in the form of a writ of prohibition prohibiting any further execution of his sentence to restriction" and "Petitioner asks the Court to issue a writ of mandamus compelling Respondent to withdraw his 13 January 2003 'Letter of Restriction' and afford Petitioner the same rights and privileges available to all other Coast Guard members onboard Training Center Cape May." Petitioner alleges that the convening authority by the terms of the "Letter of Restriction," and by

limiting his permission to have visitors, increased the severity of the adjudged punishment.  It is, by the Court, this 21st day of February 2003,

ORDERED:

That the application for an emergency stay of execution of punishment, and the request for appointment of appellate defense counsel are hereby denied and the Petition for Extraordinary Relief is dismissed without prejudice to Petitioner's right to raise the issues therein in the course of normal review, under Article 69 of the UCMJ.



Roy Shannon, Jr.
Clerk of the Court

Copy:  Chief, Office of Military Justice
       Appellate Government Counsel
       Appellate Defense Counsel